OPINION
Defendant-appellant, Dale A. West, appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, naming plaintiff-appellee, Gail C. West, the residential parent of the parties' minor son. We affirm.
 Appellant and appellee were married on August 6, 1977, and have three children: Michelle (emancipated); Erin (a minor at the time of the divorce, but now emancipated) and; Eric (born June 1, 1988). Appellee filed a divorce complaint on June 6, 1997. The trial court issued a temporary custody order designating appellant the temporary custodian of Erin and appellee the temporary custodian of Eric. Appellant and appellee each sought to be named the residential parent of both Erin and Eric. A hearing was held on August 6, 1998, and September 9-10, 1998 to resolve issues in the parties' divorce, including child custody. On September 14, 1998, the parties stipulated that appellant should be designated the residential parent of Erin.
 A magistrate's decision was issued on November 10, 1998, naming appellant the residential parent of Erin and appellee as the residential parent of Eric. Appellant filed objections to the magistrate's decision. The trial court overruled the objections on March 5, 1999. A judgment entry decree of divorce which designated appellee as Eric's residential parent was issued on June 10, 1999. Appellant appeals the trial court's decision to designate appellee as the residential parent of Eric and raises the following assignment of error:
 THE TRIAL COURT ERRED, TO THE DETRIMENT OF THE APPELLANT, IN RULING THAT THE APPELLEE SHOULD BE THE RESIDENTIAL PARENT OF THE PARTIES' MINOR CHILD; NAMELY, ERIC WEST, AGE ELEVEN (11) YEARS OLD, DATE OF BIRTH BEING JUNE 1, 1998.
A trial court is vested with broad discretion in child custody matters and may only be reversed upon a showing of abuse of discretion. Davis v. Flickinger (1997), 77 Ohio St.3d 415,416-17; Pater v. Pater (1992), 63 Ohio St.3d 393, 396. The term "abuse of discretion" implies that the court's decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. The appellate court's role is to ascertain whether the award of custody is supported by a substantial amount of credible and competent evidence. Davis at 418. An appellate court must be mindful that the trial court is better equipped to examine and weigh the evidence and make decisions concerning custody. Miller v. Miller (1988), 37 Ohio St.3d 71,74.
 Appellant contends that the trial court failed to consider Eric's best interest and the requirements of R.C. 3109.04(F)(d-j) in its decision to designate appellee the residential parent. R.C. 3109.04 provides that in determining the best interest of a child, the court should consider the following factors:
(a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child in chambers * * * regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
(d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused or neglected child * * * whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in the child being an abused or a neglected child;
 (i) Whether the residential parent * * * has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence or is planning to establish a residence outside this state.
The magistrate's decision indicates that the factors listed in R.C. 3109.04(F)(1) were considered, including the wishes and concerns expressed by both minor children during an in camera
interview. The magistrate's decision states that reports from a court-ordered parenting investigation and psychological evaluations were also considered. The magistrate discussed the evidence presented at the hearing and concluded that appellee should be named the residential parent of Eric. The trial court considered appellant's objections to the magistrate's decision and found the magistrate's decision was supported by the evidence.
 On appeal, each party argues factors which weigh against naming the other party as Eric's residential parent. After reviewing the record, we find the evidence indicates that neither party has been an exemplary parent. Appellee has been overly involved with Eric's education to the point of alienating school personnel. Appellee's relationship with her two oldest children deteriorated to the point of violence and estrangement as the two girls grew older. Appellant claims appellee was physically violent with the children. There have been instances where appellee has not been cooperative with visitation and has improperly involved Eric in discussions which should have remained between the adults involved.
Appellant also has his share of shortcomings. Appellant has been charged four separate times with driving while intoxicated, but denies having a problem with alcohol. In the past, he has had a problem with anger. He was charged with domestic violence in 1987 and 1990. Appellant admits to an altercation between himself and his oldest daughter, Michelle. He has been minimally involved in his children's education, although he indicated that appellee would not allow him to take part in this aspect of his children's lives.
The court-ordered custody investigator and psychologist each documented both appellant and appellee's areas of deficiency. The investigator cautiously concluded that "the court may consider designating Mr. West the residential parent of Erin and Ms. West the residential parent of Eric," but strongly recommended psychological evaluations on both parties. The examining psychologist documented his concerns with each party and determined that Eric "should remain in the custody of his mother for at least the next several years." The psychologist noted that appellee has the training to assist Eric with his special education needs and that Eric sees his mother as his primary caregiver. In conclusion, the psychologist stated that Eric may elect to change his residential parent and should be allowed to exercise this option in early adolescence.
The trial court considered all of the information presented at the hearings and concluded that the magistrate's decision to designate appellee as the residential parent was supported by the evidence. We do not find this decision to be arbitrary, unreasonable or unconscionable. The evidence indicates that the magistrate and the trial court considered the factors listed in R.C. 3109.04(F)(1) to determine which parent should be named as Eric's residential parent. While there is a multitude of evidence as to each parent's shortcomings, there is competent, credible evidence to support the trial court's decision to designate appellee as the residential parent.
Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.